IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3057-D

| | |
|---|---|
| HENDERSON LEWIS HINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GEORGE E. B. HOLDING, et al., ) | |
| ) | |
| Defendants. ) | |

On April 19, 2007, Henderson Lewis Hinton ("plaintiff" or "Hinton") filed a civil rights action seeking $300,000,000 in damages pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). As explained below, plaintiff's first motion to amend is granted, plaintiff's motion for appointment of counsel is denied, plaintiff's motion for extension of time to serve summons and complaint is denied, and plaintiff's motion entitled "Motion for Joinder of Persons Needed for Adjudication" (which the court construes as a second motion to amend) is granted. Moreover, defendants' motion to file their dispositive motion out of time is granted, and defendants' motion to dismiss, or in the alternative, for summary judgment as to defendants Holding and Bennett is granted. Finally, defendants' motion to stay discovery as to defendants Holding and Bennett is denied as moot.

I.

On September 9, 2004, Hinton appeared before the Honorable Malcolm J. Howard and was sentenced to a term of 41 months for armed bank robbery. See United States v. Hinton, No. 4:03-CR-79-1-H, [D.E. 33] (E.D.N.C. Sept. 9, 2004) (judgment of criminal conviction). At the conclusion of the active sentence, Hinton began a period of 36 months supervised release. See id.

During his period of supervised release, defendant was to abide by all the standard conditions of supervised release, including not engaging in criminal conduct. Id.

On September 15, 2006, Hinton was released from custody on the 2004 conviction, and his period of supervised release began. See id. [D.E. 46] (E.D.N.C. Dec. 5. 2006) (judgment revoking supervised release). Within a month he robbed a bank, and on October 23, 2006, a criminal complaint was filed charging him with felony robbery with a dangerous weapon of the Southern Bank and Trust in Scotland Neck, North Carolina. See United States v. Hinton, No. 2:06-CR-15-BO, [D.E. 1] (E.D.N.C. Oct. 23, 2006) (criminal complaint). The affidavit in support of the criminal complaint stated that Hinton fled the robbery scene and, after exiting a car following a high-speed chase, pointed his gun at a Halifax County sheriff's deputy who was pursuing him on foot. Id. The Halifax County sheriff's deputy then shot Hinton. Id. As a result of the shooting, Hinton's spinal cord was injured and he was taken to Pitt Memorial Hospital in Greenville, North Carolina. See id.; Defs.' Mem. in Supp. of Mot. to Dismiss, or in the Alternative, for Summ. J. Ex. A, p. 2.

On October 23, 2006, the United States Probation Office filed a motion for revocation of Hinton's supervised release. See United States v. Hinton, No. 4:03-CR-79-1-H, [D.E. 35] (E.D.N.C. Oct. 23, 2006) (motion to revoke supervised release). On October 31, 2006, Judge Howard held the initial appearance regarding the motion for revocation of supervised release. See id. [D.E. 36] (E.D.N.C. Oct. 31, 2006) (minute entry from initial appearance). Because Hinton was hospitalized at the time, the hearing was held at Pitt Memorial Hospital in Greenville, North Carolina. Id. Counsel was appointed and appeared with Hinton. Id. [D.E. 37] (E.D.N.C. Oct. 31, 2006) (order appointing Federal Public Defender). Judge Howard granted the motion for temporary detention. See id. [D.E. 38] (E.D.N.C. Oct. 31, 2006) (order of temporary detention). Judge Howard ordered that a probable cause/detention hearing be held on or before November 9, 2006. Id.

2

On November 2, 2006, United States Magistrate Judge David W. Daniel held the detention hearing at Pitt Memorial Hospital and found Hinton to be a danger to the community and a serious flight risk. Id. [D.E. 41] (E.D.N.C. Nov. 2, 2006) (minute entry from detention hearing). Judge Daniel therefore ordered Hinton detained and remanded to the custody of the United States Marshal. Id. [D.E. 42] (E.D.N.C. Nov. 2, 2006) (order of detention pending trial).

Due to Hinton's continued need for medical care and hospitalization, the United States Deputy Marshals transferred him to a medical facility in South Carolina contracted to provide such medical care for federal prisoners or detainees.[1] Hinton remained in this medical facility until December 4, 2006, when he returned to North Carolina and appeared before Judge Howard for his revocation hearing. See id. [D.E. 46]. On December 5, 2006, Judge Howard revoked Hinton's supervised release, and ordered him to serve 36 months in prison for violating his supervised release conditions. Id.

On November 13, 2006, Hinton was indicted on six felony counts. The indictment charged: 1) interference with commerce by threats or violence; 2) using and carrying a firearm during and in relation to a crime of violence; 3) a second count of interference with commerce by threats or violence; 4) a second count of using and carrying a firearm during and in relation to a crime of violence; 5) armed bank robbery and aiding and abetting; and 6) a third count of using and carrying a firearm during and relation to a crime of violence and aiding and abetting. See United States v. Hinton, No. 2:06-CR-15-BO, [D.E. 2] (E.D.N.C. Nov. 13, 2006) (indictment).

---

[1]Hinton does not dispute that he was transferred to a medical facility for medical treatment. See Pl.'s Mem. in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. 4.

On December 14, 2006, Judge Daniel conducted defendant's initial appearance on the new indictment and defendant remained in custody. Id. [D.E. 22] (E.D.N.C. Dec. 14, 2006) (minute entry from initial appearance). On December 12, 2007, after a jury trial, Hinton was found guilty on all six counts. Id. [D.E. 86] (E.D.N.C. Dec. 12, 2007) (verdict form). On May 9, 2008, Judge Boyle sentenced Hinton to 188 months in prison on counts 1, 3, and 5; 84 months in prison on count 2 to run consecutively to counts 1, 3, and 5; and 300 months in prison on count 6 to run consecutively to counts 1 through 5. Id. [D.E. 115] (E.D.N.C. May 9, 2008) (judgment of criminal conviction).

II.

Hinton filed this Bivens action on April 19, 2007, while housed at the Wake County Jail to serve the supervised release revocation sentence and await trial on the six felony counts. See Compl. ¶ III; but see Pl.'s Mem. in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. 1 (contending that plaintiff was in the Edgecombe County Jail). In his complaint, he named United States Attorney George E. B. Holding and Assistant United States Attorney John H. Bennett as defendants. Compl. ¶ III. Hinton alleged that Assistant United States Attorney John Bennett (who is under the supervision of Holding) came into the Pitt Memorial Hospital to hold hearings on or about October 30, 2006, and November 1, 2006. Id. ¶ IV. He also alleged that at the second hearing Judge Howard directed that Hinton be housed in a facility where he would receive medical treatment and that Bennett and Holding thereafter had him transported to a medical facility in South Carolina where he received inadequate medical treatment. Id.

On January 7, 2008, Hinton filed a motion to amend his complaint. In the proposed amendment, Hinton named Halifax County Sheriff Jeff Frazier, Lieutenant Charlie Thomas Hasty, Jr., and Lieutenant Bobby Hill Martin, Jr., as state actors who assisted in his apprehension and were involved in the shooting. See Pl.'s Mot. to Am. Compl. 1–2. He also named U.S. Deputy Marshals

4

Alex Holman and Mark McClish for their alleged actions concerning his treatment while in detention. Id. at 2–4.

A party is allowed to amend his complaint once as a matter of right before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend the party's pleading only by leave of court, and leave shall be given when justice so requires. Id.[2] No responsive pleading had been served before plaintiff filed his motion to amend. Accordingly, plaintiff's January 7, 2008, motion to amend is granted.

Having granted the motion to amend, the court must conduct a frivolity review of plaintiff's amended complaint. See 28 U.S.C. § 1915(e)(2). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and "shall dismiss" any action that is "frivolous or malicious" or that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

As mentioned, Hinton named three individuals from the Halifax County Sheriff's Department: Sheriff Jeff Frazier, Lieutenant Charlie Hasty, Jr., and Lieutenant Bobby Martin, Jr. Pl.'s Mot. to Am. Compl. 1, 2, & 4. Hinton is suing these three individuals due to their individual roles in his apprehension on October 19, 2006. Id. at 1–2. Thus, the claims appear to rely on 42 U.S.C. § 1983 and allege excessive force under the Fourth Amendment. These claims survive frivolity review and are allowed to proceed. The Clerk is directed to maintain management of the claims against the three defendants.

As for the claims against United States Deputy Marshals Alex Holman and Mark McClish,

---

[2] A party also may amend after obtaining written consent from the opposing party. Fed. R. Civ. P. 15(a). No such consent has been obtained here.

Hinton relies on Bivens to allege that Holman and McClish unconstitutionally transferred him to South Carolina and to allege that Holman and McClish were deliberately indifferent to his serious medical needs upon his return to North Carolina. In conducting a frivolity review, a court may consider the defense of qualified immunity. See Jones v. Bock, 127 S. Ct. 910, 920–21 (2007) (citing Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face") (quotation omitted; ellipses in original)); cf. Erline Co. S.A. v. Johnson, 440 F.3d 648, 655–56 (4th Cir. 2006); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Government officials are entitled to qualified immunity from civil damages so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see Saucier v. Katz, 533 U.S. 194, 202 (2001). Qualified immunity protects government officials "where the law is unsettled or murky." See Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. See id. The first step in evaluating qualified immunity is to determine whether the plaintiff has alleged the deprivation of a constitutional right. Id.

To the extent Hinton is alleging that Holman and McClish unconstitutionally transferred him to the facility in South Carolina for medical treatment, a prison transfer does not implicate a liberty interest giving rise to due process rights. Olim v. Wakinekona, 461 U.S. 238, 247–48 (1983); O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991). To state a valid claim of retaliatory transfer, an inmate must show he was transferred in response to the exercise of some constitutionally protected right or that the act itself violated such a right. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). No such right has been asserted here. Thus, the claim is dismissed as frivolous.

6

To the extent Hinton is alleging deliberate indifference to serious medical conditions because Holman and McClish moved him without regard to his medical condition, the claim fails to assert a constitutionally viable claim. Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.[3] See Estelle v. Gamble, 429 U.S. 97, 105–06 (1976). In order to be liable, the official must have actual knowledge or awareness of the need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The indifference must be objectively harmful enough to establish a constitutional violation. See id. at 837–40; Hudson v. McMillian, 503 U.S. 1, 7 (1992). Delay in medical care, with no resulting injury, does not violate the Eighth Amendment. See Strickler v. Waters, 989 F.2d 1375, 1380–81 (4th Cir. 1993); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Likewise, a prisoner is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam). Furthermore, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105–06.

Here, nothing in the amended complaint suggests that Holman or McClish had actual knowledge or awareness of any serious medical need that went unaddressed due to the initial transfer from Pitt Memorial Hospital to the medical facility in South Carolina. The facility in South Carolina is the medical facility that the U.S. Marshals Service contracts with to provide medical care to federal prisoners or detainees. See Pl.'s Mot. to Am. Compl. 2. That claim against Holman and McClish is frivolous and is dismissed.

---

[3]To state a claim for inadequate medical care under Bivens, a plaintiff must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, if the individual is an incarcerated prisoner, or his due process rights, if the individual is a pretrial detainee. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). The standard under the Eighth Amendment and due process is the same. See, e.g., Riley v. Dorton, 115 F.3d 1159, 1166–67 (4th Cir. 1997); Hill v. Nicodemus, 979 F.2d 987, 991–92 (4th Cir. 1992).

Hinton also claims that after he returned to North Carolina for further judicial proceedings, Holman and McClish "wilfully and recklessly" refused to transfer plaintiff to a medical facility in violation of the Eighth Amendment, despite express recommendations from health care professionals that he be housed in a medical facility and receive medical treatment. Instead, according to Hinton, Holman and McClish directed that plaintiff be held at the Wake County Jail or the Edgecombe County Jail, where he did not receive medical treatment. See id. at 3–4.

On frivolity review, this Eighth Amendment claim against Holman and McClish survives and is allowed to go forward. The Clerk is directed to maintain management of this Eighth Amedment claim against Holman and McClish.

III.

As for Hinton's motion for appointment of counsel, there is no constitutional right to counsel in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 & n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Plaintiff has asserted straightforward claims and the case does not present exceptional circumstances. Plaintiff's motion for appointment of counsel is denied.

As for the issue of enlargement of time in which to effectuate service [D.E. 26], an incarcerated pro se plaintiff, proceeding in forma pauperis, is entitled to rely on the United States Marshal for service of summons and complaint. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). Therefore, the Marshal shall serve the summons and amended complaint on the parties found to be appropriately named defendants after frivolity review.

8

As for plaintiff's "Motion for Joinder of Persons Needed for Just Adjudication" [D.E. 30 ], the court construes this motion as a second motion to amend his complaint. Hinton seeks to add the following defendants: Sheriff Donnie Harrison, Administrator Allen Moore, Captain Williams, Lieutenant Alford, Sergeant Champion, Sergeant Lucas, and Two Unknown Named Nurses of Wake County Jail's Medical Services. Pl.'s Mot. for Joinder of Persons 1. Hinton seeks to make two claims against these defendants which were not part of his initial or first amended complaint. Specifically, he seeks to add a claim arising from the Americans with Disabilities Act of 1990 and an Eighth Amendment claim.[4] See id. at 1, 5. The claims contest the conditions and the medical care he received while incarcerated in the Wake County Jail. See id.; see generally United States v. Georgia, 546 U.S. 151, 153–60 (2006); Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); Wilson v. Seiter, 501 U.S. 294, 302–04 (1991).

Because the motion is a second motion to amend and thus not allowable as a matter of course, plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[5] Rule 15 mandates that leave to amend be freely given "when justice so requires." Id. This determination rests within the discretion of the trial court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). In exercising its discretion to consider a motion to amend a complaint, the court may consider undue delay, dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowing the amendment, and futility. See Steinburg v. Chesterfield County Planning Comm'n, ___ F.3d ___,

---

[4]Although Hinton is a federal inmate, the court construes the claim for a violation of the Eighth Amendment to have been brought against these state actors pursuant to 42 U.S.C. § 1983. The court notes that the excessive force claim in the first amended complaint likewise adds a section 1983 claim, not a Bivens claim.

[5]Defendants have not consented to the amendment.

9

2008 WL 2211886, at *11–*12 (4th Cir. May 29, 2008). In light of the governing standard, the court allows the second motion to amend.

Having granted the motion to amend, the court conducts a frivolity review of plaintiff's second amended complaint. See 28 U.S.C. § 1915(e)(2). As discussed, section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and "shall dismiss" any action that is "frivolous or malicious" or that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Both claims are allowed to proceed. However, the claims against the Two Unknown Named Nurses of Wake County Jail's Medical Services cannot proceed at this time. The summons and complaint cannot be served on an unnamed person. To proceed with his claims against these two individuals, plaintiff may amend his complaint to name the two specific members of the nursing staff who deprived him of his rights as set forth in those claims. Plaintiff has twenty days from the date of this order to provide the names of these two individuals. His failure to comply will result in the dismissal of his claims against the two unknown nurses. Plaintiff is further warned that the amendment is limited to naming these two nurses. He may not name other individuals or make additional allegations.

IV.

Holding and Bennett's motion to file their dispositive motion out of time is granted. See Fed. R. Civ. P. 6(b)(1). The court finds excusable neglect and no prejudice to Hinton.

Because the court has considered matters outside of the pleadings, it treats defendants' motion as one for summary judgment. See Fed. R. Civ. P. 12(d). Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the

10

moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation omitted & emphasis removed). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. See Matsushita, 475 U.S. at 587.

Defendants Holding and Bennett seek summary judgment based on absolute immunity. Prosecutors are entitled to absolute immunity when performing prosecutorial or advocative functions. See Imbler v. Pachtman, 424 U.S. 409, 420–29 (1976). Prosecutors are absolutely immune from civil suit when the functions they are performing are "intimately associated with the judicial phase of the criminal process." Id. at 430. Bennett was the Assistant United States Attorney appearing before the district court for hearings in Hinton's criminal cases in this district. Hinton objects that the court held two hearings in the hospital and Bennett participated in those hearings representing the United States. George Holding is the United States Attorney for the Eastern District of North Carolina and allegedly assigned Bennett to the case. Hinton also objects that after the second hearing he was transferred to a medical facility in South Carolina, but allegedly received inadequate medical care. See Compl. ¶ IV. In light of the allegations in paragraph IV of the original complaint, Holding and Bennett are cloaked with absolute immunity and entitled to summary

11

judgment. Because the court today grants summary judgment in favor of Holding and Bennett, defendants' motion to stay discovery as to Holding and Bennett is moot.

V.

In summary, plaintiff's first motion to amend [D.E. 18] is GRANTED. The claim arising from Hinton's transfer to South Carolina against defendants Holman and McClish is DISMISSED as frivolous based on qualified immunity. The claim against Holman and McClish concerning the alleged failure to house Hinton in a medical facility after he returned to North Carolina survives frivolity review. The Clerk is DIRECTED to serve defendants Deputy Holman, Deputy McClish, Sheriff Jeff Frazier, Lieutenant Charlie Hasty, Jr., and Lieutenant Bobby Martin, Jr. Plaintiff's motion for appointment of counsel [D.E. 25] is DENIED. Plaintiff's motion for extension of time to serve summons and complaint [D.E. 26] is DENIED. Plaintiff's motion entitled "Motion for Joinder of Persons Needed for Adjudication" [D.E. 30] is GRANTED; however, plaintiff is allowed twenty days to provide the court with the names of the Two Unknown Named Nurses. The Clerk is DIRECTED to serve defendants Sheriff Donnie Harrison, Administrator Allen Moore, Captain Williams, Lieutenant Alford, Sergeant Champion, and Sergeant Lucas. Defendants motion to file their dispositive motion out of time [D.E. 24] is GRANTED. Defendants' motion to dismiss, or in the alternative, for summary judgment [D.E. 22] is GRANTED thereby dismissing the claims against defendants Bennett and Holding. Finally, defendants' motion to stay discovery as to Holding and Bennett [D.E. 32] is DENIED as moot.

SO ORDERED. This  12  day of June 2008.

JAMES C. DEVER III
United States District Judge