IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3057-D

| | | |
|---|---|---|
| HENDERSON LEWIS HINTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEORGE E.B. HOLDING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 19, 2007, Henderson Lewis Hinton ("Hinton" or "plaintiff"), a federal inmate, filed this action seeking compensatory and punitive damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. This case has a lengthy procedural history, see, e.g., [D.E. 33, 124], and the court recites only the history of the case relevant to Hinton's latest motion. On September 28, 2009, the court granted summary judgment to (among other defendants) Halifax County Sheriff Jeff Frazier and Halifax County Sheriff's Department officers Lieutenant Charlie Hasty, Jr., and Lieutenant Bobby Martin, Jr. (collectively, "Halifax defendants") [D.E. 124]. On October 13, 2009, Hinton filed a motion to alter or amend the judgment [D.E. 125] as to the Halifax defendants, which the court denied on May 25, 2010 [D.E. 131]. Hinton appealed to the United States Court of Appeals for the Fourth Circuit [D.E. 133], and on February 15, 2011, the Fourth Circuit found no error and affirmed. Hinton v. Reavis, 410 F. App'x 647, 648 (4th Cir. 2011) (per curiam) (unpublished). On April 25, 2011, the Fourth Circuit issued its mandate [D.E. 142]. On May 31, 2011, Hinton filed a motion entitled "Rule 15(c) Relation Back of Amendments" [D.E. 143], along with twenty-seven pages of exhibits, seeking to amend his dismissed claims against the Halifax defendants. Hinton neglected to sign the motion, and on June

21, 2011, responded to an order of deficiency by Magistrate Judge Webb by filing a signed version of the motion [D.E. 145]. On July 1, 2011, the Halifax defendants responded in opposition [D.E. 146]. As explained below, the court denies the motion.

I.

On October 19, 2006, culminating a seven-day robbery spree, Hinton and an accomplice used a firearm to rob the Southern Bank and Trust in Scotland Neck, North Carolina. See United States v. Hinton, No. 2:06-CR-15-BO, [D.E. 2] (E.D.N.C. Nov. 13, 2006) (criminal indictment). The two fled the robbery scene and, after exiting a car following a high-speed chase, Hinton pointed his gun at a Halifax County sheriff's deputy (defendant Hasty) who was pursuing him on foot. Id., [D.E. 1] (affidavit in support of criminal complaint); see also Rule 15(c) Mot. [D.E. 143] 1. The Halifax County sheriff's deputy then shot Hinton. Id. As a result of the shooting, Hinton's spinal cord was injured and he was taken to Pitt Memorial Hospital in Greenville, North Carolina. See [D.E. 1].

In this Bivens action, Hinton sought damages against the Halifax defendants for what he contended was excessive force during his October 19, 2006, arrest. Id.; Rule 15(c) Mot. 1–2. Hinton has always disagreed with the Halifax defendants' characterizations of the circumstances leading up to his being shot, and throughout this litigation has frequently and repeatedly challenged the court's decision to stay discovery while the court ruled on defendants' assertions of qualified immunity. See Rule 15(c) Mot. 2–8. Hinton has now obtained the State Bureau of Investigation report concerning his arrest, and seeks to reopen his claims against the Halifax defendants.

Federal Rule of Civil Procedure 15(c) provides in pertinent part that

> [a]n amendment of a pleading relates back to the date of the original pleading when
> ... the law that provides the applicable statute of limitations allows relation back .
> .. [or when] the amendment asserts a claim or defense that arose out of the conduct,
> transaction, or occurrence set out—or attempted to be set out—in the original
> pleading ....

2

Fed. R. Civ. P. 15(c); see Robinson v. Clipse, 602 F.3d 605, 607–08 (4th Cir. 2010). Unfortunately for Hinton, Rule 15(c) is unavailable to him because he seeks to amend a complaint that the court has dismissed. Anderson v. United States, 159 F. App'x 936, 937 (11th Cir. 2005) (per curiam) (unpublished) ("Although the motion at issue recites that it was being brought under Fed. R. Civ. P. 15(c), we treat the motion as a post-judgment motion (which it is) under Fed. R. Civ. P. 60(b) because it sought relief from a final judgment of dismissal."); see Raspberry v. Garcia, 448 F.3d 1150, 1154–55 (9th Cir. 2006); Epps v. Howes, 573 F. Supp. 2d 180, 186 (D.D.C. 2008).

Hinton's motion is also untimely under either Federal Rule of Civil Procedure 59(e) or 60(b). Rule 59(e) permits a court to alter or amend a judgment, but at the time the court entered judgment, the rule required filing within ten days of entry of judgment. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 n.6 (4th Cir. 2010) (recognizing that Rule 59(e) was amended on December 1, 2009, but applying the pre-amendment rule because, "[a]s a general rule, the Supreme Court has advised that amendments to the Federal Rules should not apply retroactively").[1] Rule 60(b)(2) permits the court to relieve a party from judgment based on newly discovered evidence, but the party must file the motion "no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1).

Moreover, even if the motion were timely under either rule, the court denies it for the same reasons the court denied Hinton's previous Rule 59(e) motion. At the time the court granted summary judgment to the Halifax defendants based on qualified immunity, the court recognized that Hinton sought discovery of the evidence he now proffers and that Hinton contended that there were

---

[1] The rule now permits a party twenty-eight days after the entry of judgment to file a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Hinton's motion remains untimely under the extended deadline, as he filed it more than one and one-half years after the court entered judgment.

3

genuine issues of material fact as to the events surrounding his arrest. See [D.E. 124] at 11–12 (recognizing that "Hinton now claims that he never 'threaten[ed] anyone with a weapon'" but finding qualified immunity because "Hasty reasonably believed that Hinton was armed and posed an immediate threat of serious physical harm to the officers and others" (alteration in original)); [D.E. 131] at 2–3 (addressing Hinton's arguments concerning the need for discovery prior to granting summary judgment and noting that qualified immunity "entitled [the defendants] to protection from discovery"). Finally, the court has reviewed the evidence submitted by Hinton and finds that it does not change the court's prior conclusions concerning the Halifax defendants' entitlement to qualified immunity. Simply put, Hinton's motion fails to meet the required standard under either Rule 59(e) or 60(b). See, e.g., Robinson, 599 F.3d at 413 n.12; Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811–12 (4th Cir. 1988) (per curiam).

II.

In sum, the court DENIES plaintiff's motion [D.E. 143].

SO ORDERED. This 7 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge

4